Kelly Chermack
Tel 214-890-0711
Fax 214-890-0712
kchermack@fnlawfirm.com

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-4-21
```

June 3, 2021

**Via ECF**
The Honorable John G. Koeltl
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

APPLICATION GRANTED
SO ORDERED

/s/ John G. Koeltl  6/3/21
John G. Koeltl, U.S.D.J.

6/3/21

**Re:** *Patton et al v. C R Bard Inc et al;* **1:21-cv-01675-JGK**
**Joint Letter Request for Temporary Stay and Adjournment of Initial Pretrial Conference Pending Settlement**

Dear Judge Koeltl:

We are counsel to plaintiffs Lyn E. Patton and Kennith Patton (collectively, "Plaintiffs") and we write jointly with counsel for defendants C. R. Bard Incorporated and Bard Peripheral Vascular Incorporated to request a 90-day stay of discovery. The parties are currently engaged in advanced negotiations for a global settlement of this and all similar inferior vena cava filter ("IVC Filter") actions filed by Plaintiffs' counsel in courts across the country. Plaintiffs' counsel and Bard have already settled this case in principle and numerous other similar cases, and the parties are in the process of finalizing the global settlement. A stay now will conserve the resources of the Court, third-party health providers, and the parties while allowing counsel to finalize a global resolution.

**The National Bard IVC Filter Litigation and Settlement Proceedings**

### A.   MDL Cases, Including This Case

This is a complex product liability action involving a Bard IVC Filter, a prescription implantable medical device. Because similar cases were filed in courts across the country a multidistrict litigation proceeding was created before the Honorable David G. Campbell in the United States District Court for the District of Arizona known as the *In Re Bard IVC Filters Products Liability Litigation*, MDL 2641 (D. Ariz.) ("MDL").

Plaintiffs' counsel represented hundreds of plaintiffs with cases that were in the MDL. The Parties have reached a settlement in principle in all those cases and presently are finalizing the details of that settlement. The parties believe their resources are most effectively directed to complex settlement discussions instead of protracted (and likely unnecessary) litigation. A stay will eliminate the burden on third-party medical providers and governmental entities who otherwise would be compelled to produce voluminous medical and other relevant records at a time when their efforts and resources could be directed at dealing with the ongoing pandemic.

The Honorable John G. Koeltl
June 3, 2021
Page 2

Similarly, absent a stay, substantial resources will be expended on the collection, review, and analysis of those records by both counsel and retained experts. A stay may forestall discovery-related and other disputes that may require judicial intervention.

### B. Non-MDL Cases

In addition to the MDL cases, Plaintiffs' counsel also represents hundreds of plaintiffs with Bard IVC Filter-related cases proceeding in this and other courts across the country that were transferred from the Northern District of Texas. The parties have reached a settlement in principle in all those cases and presently are finalizing the details of that settlement.

### The Circumstances Here Warrant a Stay

This Court has broad discretion over pretrial discovery rulings and may stay proceedings as incidental to its power to control its own docket – particularly where, as here, a stay would promote judicial economy and efficiency. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Federal Rules of Civil Procedure 26(c) and 26(d) also vest the Court with authority to grant a stay, limit the scope of discovery, or control its sequence, upon a showing of good cause and reasonableness. Facilitating the parties' efforts to resolve their dispute through continued settlement negotiations that began before this action was remanded from the MDL to this Court is reasonable and constitutes good cause for granting the requested short-term stay. *See Sellick v. Consolidated Edison Company of New York, Inc.*, 15-CV-9082 (RJS), 2017 WL 1133443, at *2 (S.D.N.Y., Mar. 23, 2017) (noting Court granted stay of discovery "in order to facilitate settlement negotiations"). Several courts throughout the country (including judges in this District) have granted short-term stays in many IVC filter cases as the parties negotiate and finalize settlement.

Accordingly, the Parties respectfully request the Court enter a stay of all activities in this case for a period of 90 days. In the event the Parties finalize the settlement during that period, we will immediately advise the Court.

Respectfully submitted,

Kelly Chermack

cc: Toby S Soli (*via* ECF)
Greenberg Traurig, LLP
*Counsel for Defendants C. R. Bard Inc. and Bard Peripheral Vascular Inc.*

Fears Nachawati Law Firm, PLLC